IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-151-H
No. 5:13-CV-740-H

JARVIS MCCOY,  )
    Petitioner,  )
                )
v.  )    **ORDER**
                )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. [D.E. #56]. Petitioner has filed a response, [D.E. #60], and this matter is ripe for adjudication.

## BACKGROUND

On October 16, 2012, petitioner, pursuant to a written plea agreement, entered a plea of guilty to count one of an indictment charging him with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his written plea agreement, petitioner expressly waived "any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct." [D.E. #27 at 1].

On January 15, 2013, petitioner filed a motion to withdraw his guilty plea based on allegations of ineffective assistance of counsel. After hearing, the court denied petitioner's motion. On April 10, 2013, the court sentenced petitioner as a career offender to a term of imprisonment of 264 months, near the bottom of petitioner's advisory guideline range. The court entered its judgment on April 18, 2013, and defendant did not file a notice of appeal. On November 13, 2013, petitioner filed a timely corrected motion to vacate his sentence.

## COURT'S DISCUSSION

In petitioner's motion to vacate under 28 U.S.C. § 2255, he asserts two claims. Petitioner claims that, due to ineffective assistance of counsel, he did not: (1) knowingly and voluntarily enter a plea of guilty and (2) receive the benefit of a downward departure at sentencing based on his health concerns.

### I. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned that,

2

"[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

## II. Entry of Plea

Petitioner first claims ineffective assistance of counsel as to his entry of plea. In support of his claim, petitioner alleges counsel improperly calculated his projected sentence, a promise upon which petitioner relied in entering his plea of guilty. When a petitioner challenges the voluntariness of his guilty plea based upon a claim for ineffective assistance of counsel, he must not only claim a deficiency in counsel's performance but also "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58, 59 (1985).

In his motion to vacate, petitioner does not expressly allege that, but for counsel's errors, he would have insisted on

3

going to trial. Notwithstanding petitioner's failure to allege this critical fact, petitioner has not shown his counsel's advice pertaining to his entry of plea was constitutionally ineffective or he suffered prejudice as a consequence.

Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement "[carries] a strong presumption of verity." See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). Here, petitioner responded under oath to questions presented by the court at his Rule 11 hearing that: (1) he was familiar with the charges presented against him, [D.E. #31 at 9-10]; (2) he discussed the case with his counsel and was satisfied with the advice given, [D.E. #31 at 10]; (3) he understood the penalties associated with a conviction under count one of the indictment, [D.E. #31 at 11]; (4) he had read and discussed the plea agreement with his counsel, [D.E. #31 at 12]; (5) he understood the plea agreement, [D.E. #31 at 12]; (6) perhaps most significantly, *no one had made any other promises not contained in the plea agreement, threatened, or forced him to plead guilty*, [D.E. #31 at 12-13]; he understood that his plea agreement could not be withdrawn just because he changed his mind, [D.E. #31 at 13]; and he was in fact guilty of the

4

allegation contained in count one of the indictment, [D.E. #31 at 14].

Therefore, based upon petitioner's solemn declarations in open court at his Rule 11 hearing, this court finds petitioner's contrary assertions of fact contained in the instant motion to vacate to be unpersuasive. Petitioner has failed to show counsel's assistance fell below objectively reasonable standards and, consequently, he suffered prejudice therefrom. Petitioner's first claim alleging ineffective assistance of counsel as to his entry of plea should, therefore, be dismissed.

### III. Downward Departure

Second, petitioner claims ineffective assistance of counsel as to his sentencing hearing. Specifically, petitioner claims counsel failed to argue for a downward departure at sentencing on the basis of a health condition from which plaintiff allegedly suffered. In his motion to vacate, however, petitioner does not allege facts showing the particular health condition from which he suffered or the basis on which this court could find he suffered prejudice as a result of counsel's alleged failure to argue for a downward departure.

Therefore, even if petitioner has alleged sufficient facts showing counsel's performance at sentencing fell below objectively reasonable standards, petitioner has failed to allege facts showing he suffered prejudice as required by the

second prong of the Strickland test. Petitioner's second claim alleging ineffective assistance of counsel as to his sentencing hearing should, therefore, be dismissed.

## CONCLUSION

For the foregoing reasons and for reasons more fully set forth in the government's memorandum of law, [D.E. #57], the government's motion to dismiss, [D.E. #56], is GRANTED. Petitioner's motion to vacate, [D.E. #48 and #51], is DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 28th day of September, 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34