IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-151-1H

UNITED STATES OF AMERICA,            )
                                     )
                                     )
                                     )
    v.                               )
                                     )        **ORDER**
                                     )
JARVIS MCCOY,                        )
                                     )
    Defendant.                       )
                                     )

Defendant filed a pro se motion for compassionate release [DE #85] on May 25, 2020. Counsel was appointed pursuant to the Standing Order (19-SO-3) and counsel filed a memorandum in support of defendant's pro se motion [DE #87]. The government has responded in opposition and filed various supporting documents [DE #90, #91, #93]. Defendant has not replied and the time for doing so has expired. Also before the court is defendant's motion for a nunc pro tunc order seeking leave to reinstate direct appeal [DE #84].

## BACKGROUND

On October 16, 2012, petitioner, pursuant to a written plea agreement, entered a plea of guilty to count one of an indictment charging him with conspiracy to distribute and possess with the

intent to distribute 280 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On January 15, 2013, petitioner filed a motion to withdraw his guilty plea based on allegations of ineffective assistance of counsel. After hearing, the court denied petitioner's motion. On April 10, 2013, the court sentenced petitioner as a career offender to a term of imprisonment of 264 months, near the bottom of petitioner's advisory guideline range. The court entered its judgment on April 18, 2013, and defendant did not file a notice of appeal. On November 13, 2013, petitioner filed a timely corrected motion to vacate his sentence, which was denied by this court on September 28, 2015 [DE #74]. A Motion to Reduce Sentence regarding the Drug Quantity Table was denied on August 15, 2016 [DE #82]. [1]

McCoy has served over 100 months of his sentence and has a current projected release date of February 12, 2031. McCoy submitted a request to the warden in February 2020. McCoy suffers from chronic kidney disease and receives kidney dialysis three days a week since April 2011. He also currently has lung problems, arthritis, hypocalcemia, anemia, hypertensive retinopathy, hypertension, end stage renal disease, and renal osteodystrophy.

---

[1] The court notes that while this motion was properly denied, if defendant were sentenced today, his guideline range would be lower, likely approximately 151-188 months.

**COURT'S DISCUSSION**

I.   **First Step Act and Compassionate Release Standard**

On December 21, 2018, President Trump signed the First Step Act into law. Among the many criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge with jurisdiction to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies.

Title 18 U.S.C. § 3582(c) now provides as follows:

**(c) Modification of an imposed term of imprisonment.**--
The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case--

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

3

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582.

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Mangarella, No. 3:06-cr-151, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020); United States v. Mattingly, No. 6:15-cr-5, 2020 WL 974874, at *2 (W.D.Va. Feb. 28, 2020). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Moreover, "a compassionate release . . . is an extraordinary and rare event." Mangarella, at *2 (quoting White v. United States, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

The statute does not define what constitutes "extraordinary and compelling reasons." The United States Sentencing Commission has been tasked with defining what constitutes extraordinary and compelling reasons. See 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of [T]itle 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13. These reasons include:

(A) <u>Medical Condition of the Defendant</u>.

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specified time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

>           (III) experiencing deteriorating physical or
>                 mental health because of the aging
>                 process,
>
>     that substantially diminishes the ability of
>     the defendant to provide self-care within the
>     environment of a correctional facility and
>     from which he or she is not expected to
>     recover.
>
> (B) <u>Age of the Defendant</u>. The defendant (i) is at least
>     65 years old; (ii) is experiencing a serious
>     deterioration in physical or mental health because
>     of the aging process; and iii) has served at least
>     10 years or 75 percent of his or her term of
>     imprisonment, whichever is less.
>
> (C) <u>Family Circumstances</u>.
>     (i)   The death or incapacitation of the caregiver
>           of the defendant's minor child or minor
>           children.
>
>     (ii)  The incapacitation of the defendant's spouse
>           or registered partner when the defendant would
>           be the only available caregiver for the spouse
>           or registered partner.
>
> (D) <u>Other Reasons</u>. As determined by the Director of the
> Bureau of Prisons, there exists in the defendant's case
> an extraordinary and compelling reason other than, or
> in combination with, the reasons described in
> subdivisions (A) through (C).

U.S.S.G. § 1B1.13, app. n. 1.

II.  Analysis

As an initial matter, the court notes that the government does not dispute that defendant has met the exhaustion requirement. In support of the merits of his motion, defendant argues that he has serious chronic conditions noted above and that his serious medical conditions make him particularly vulnerable to COVID-19, justifying his release. The government contends defendant's medical conditions are not extraordinary or compelling reasons to justify his release because none of his conditions are terminal or serious enough to affect his ability to care for himself. It also claims the BOP is addressing the spread of COVID-19 within its prisons, including, in appropriate cases, releasing vulnerable inmates to home confinement, and therefore, the BOP is adequately protecting defendant from contracting the virus.

As the government correctly points out, defendant does not appear to be terminally ill. He is approximately 42 years old. Defendant additionally can engage in most of his activities of daily living without assistance. However, defendant does have serious chronic conditions which, combined with the COVID-19 pandemic risks, present extraordinary and compelling circumstances.

Further, the court notes that if defendant were sentenced for the same charges today, his guideline range would likely be 151-188 months. While this is not a direct issue the court can consider, it does factor into whether the sentence he has already served is "sufficient but not greater than necessary" under 18 U.S.C. § 3553(a).

Upon release, defendant plans to reside with his mother. Although defendant's crimes were serious drug trafficking crimes and he has a serious criminal history, given the amount of time he has been incarcerated, his poor health, and his conditions of supervised release, the court finds he is unlikely to reoffend.

Considering all the circumstances, the court concludes that defendant is not a danger to the safety of others or the community and that reducing his sentence of imprisonment to time served reflects the seriousness of his offense, promotes respect for the law, and provides just punishment. The court does, however, find it appropriate to modify defendant's conditions of supervised release to require him to remain on home detention for part of his supervised release term.

## CONCLUSION

Defendant's motion for a nun pro tunc judgment [DE #84] is dismissed as moot. Pursuant to 18 U.S.C. § 3582(c)(1)(A),

defendant's motion for compassionate release is GRANTED. Defendant's sentence of imprisonment as reflected in the judgment dated April 10, 2013 is REDUCED to time served. Defendant's special conditions of supervision as reflected in the April 10, 2013 judgment are MODIFIED by the addition of the following:

> The defendant shall abide by all conditions and terms of the home detention program for a period of 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by probation officer. The United States Probation Office shall install the monitoring equipment within 48 hours of the defendant's release from imprisonment.

All other provisions of the April 10, 2013, judgment shall remain in effect. The BOP may delay defendant's compassionate release up to 14 days for quarantine purposes.

This 14th day of December 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26